IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PETER R. TIA, #A1013142, | ) CIVIL NO. 11-00421 JMS/KSC |
|---|---|
| Plaintiff, | ) ORDER DISMISSING ACTION |
| | ) PURSUANT TO 28 U.S.C. |
| vs. | ) §§ 1915(g), 1915A(b), & 1915(e)(2) |
| JUDGES SUSAN O. MOLLWAY, HELEN GILLMOR, CLERK SUE BEITIA, STUART N. FUJIOKA, JUDGE RANDAL K.O. LEE, | ) |
| Defendants. | ) |

## ORDER DISMISSING ACTION PURSUANT TO
## 28 U.S.C. §§ 1915(g), 1915A(b) & 1915(e)(2)

Before the court is pro se Plaintiff Peter R. Tia's prisoner civil rights Complaint and First Amended Complaint ("FAC"). Doc. Nos. 1 & 7. Plaintiff has neither paid the filing fee for this action nor submitted an *in forma pauperis* ("IFP") application. Plaintiff broadly alleges that Chief United States District Judge for the District of Hawaii, Susan Oki Mollway; Senior District Judge Helen Gillmor, District of Hawaii; Clerk of Court Sue Beitia; State Circuit Court Judge Randal K.O. Lee; and attorney Stuart N. Fujioka, Esq. (collectively, "Defendants") deprived him of due process, conspired against him, committed fraud, and

obstructed justice in various civil actions in this court and during his criminal proceedings in the state court.

Plaintiff has accrued more than three strikes pursuant to 28 U.S.C. § 1915(g). Because he does not allege imminent danger of serious physical injury, he is barred from proceeding in the federal courts without prepayment of the filing fee. Plaintiff's Complaint also fails to state a claim and is DISMISSED pursuant to 28 U.S.C. §§ 1915A(b) & 1915(e)(2).

## I. BACKGROUND

As were Plaintiff's previous complaints filed in this court, the present Complaint and FAC are confused, incoherent, rambling, stream-of-consciousness narratives. Reading the FAC and the Complaint together, the court discerns that Plaintiff protests decisions and ministerial actions that Judges Mollway, Gillmor,[1]

---

[1] Although Plaintiff names Judges Mollway and Gillmor, and Beitia as Defendants, this court need not recuse. *See Perry v. Schwarzenegger*, 630 F.3d 909, 916 (9th Cir. 2011) ("It is . . . important . . . that judges not recuse themselves unless required to do so, or it would be too easy for those who seek judges favorable to their case to disqualify those that they perceive to be unsympathetic merely by publicly questioning their impartiality."); *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned.") (citations and quotation signals omitted).

This court is not named here, has never presided in any of Plaintiff's cases, and Plaintiff has not yet served the Complaint or FAC. Even if named, recusal is unnecessary "where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." *Mellow v. Sacramento Cnty.*, 2008 WL 2169447, at *3 (E.D. Cal. May 23, 2008); *United States v. Majhor*, 2010 WL 3522382, at *1 n.1 (D. Or. Sept. 3, 2010); *see also Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1164-65 (9th Cir. 2006) (holding that the rule of necessity, providing that a judge is not

(continued...)

and the Clerk of Court have entered against him in the District of Hawaii. *See e.g.,* Civ. Nos. 11-00352 SOM; 11-00098 HG; 10-00383 SOM; and 08-00575 HG.[2] He also complains of Judge Lee's and Fujioka's actions during his state circuit court criminal proceeding in Cr. No. 07-1-1443.

For several years, Plaintiff has filed suits and sought an investigation of prison officials, unnamed inmate gang members, his criminal defense attorney Fujioka, Judge Lee, his own family members, and others, alleging that they are engaged in prostitution and a vast criminal conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. *See e.g., Tia v. Fujita*, Civ. No. 08-00575 HG; *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE; *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM; and *Tia v. Baker*, Civ. No. 11-00098 HG. Plaintiff now reiterates his claims against Judge Lee and Fujioka, and alleges that Judges Mollway and Gillmor and

---

[1](...continued)
disqualified to try a case if the "case cannot be heard otherwise," allowed the appellate court to hear a case even when the entire court is sued); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks." (citation and quotation marks omitted)).
    To recuse here could foreclose the entire District of Hawaii from determining Plaintiff's action or future actions, allow Plaintiff to forum shop, and set an ungovernable precedent in similar frivolous pro se prisoner actions.

[2] Plaintiff also protests District Judge Ezra's decision in Civ. No. 10-00441 DAE, but does not name Judge Ezra as a defendant.

Clerk of Court Beitia are also involved in this conspiracy, as evidenced by their adverse decisions and actions in his federal civil actions.

## II. LEGAL STANDARDS

**A.     28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* "In some instances, the district court

4

docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. *Andrews* therefore allows the court to *sua sponte* raise the § 1915(g) problem and the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.*

**B.     Screening Pursuant to 28 U.S.C. §§ 1915 & 1915A**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b) & § 1915A(b).

For screening purposes, the court accepts as true the allegations of the complaint. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## III.  DISCUSSION

Plaintiff is barred from proceeding in this action without prepayment of the filing fee.  Moreover, Plaintiff's Complaint and FAC are frivolous, fail to state a claim, and are not amenable to amendment.

**A.     Dismissal Pursuant to 28 U.S.C. § 1915(g)**

Plaintiff has accumulated three strikes and does not allege imminent danger of serious physical injury.

### *1.     Plaintiff Has Accrued Three Strikes*

A review of the District of Hawaii's public docket, electronic records, and orders entered in Plaintiff's past federal cases reveals that at least three of his civil actions were dismissed as frivolous or for failure to state a claim.  *See* PACER Case Locater, http://pacer.psc.uscourts.gov, ("PACER"); *see e.g.*, *Tia v. Fujita*, Civ. No. 08-00575 HG (dismissed for failure to state a claim); *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM (dismissed as frivolous and for failure to state a claim); *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE (dismissed as frivolous and for failure to state a claim); and *Tia v. Baker*, Civ. No. 11-00098 HG (dismissed March 9, 2011, under § 1915(g), after notifying Plaintiff of the cases the court considered strikes).  These actions explicitly informed Plaintiff that they constituted strikes or that he had already accrued three strikes.

*See Andrews*, 398 F.3d at 1120 (requiring defendants or the court to notify a plaintiff of dismissals supporting a § 1915(g) dismissal before granting defendants' motion to revoke IFP and dismiss case).

Plaintiff also attaches copies of Judge Mollway's orders in Civ. No. 10-00383 to his Complaint. These orders explain the deficiencies in Plaintiff's claims in that case and the reasons for dismissing the action under §§ 1915(e) & 1915A(b). These attachments show clearly that Plaintiff is aware of the strikes he has accrued under § 1915(g).

Moreover, Plaintiff was notified again of his prior strikes on June 2, 2011, in Civ. No. 11-00352 SOM, and given the opportunity to respond and show cause why the case should not be dismissed for failure to pay the filing fee under § 1915(g). *See id.*, Doc. No. 4. Rather than respond, Plaintiff filed three frivolous and nonsensical motions and then instituted the present case against Judge Mollway, who is assigned to that case.[3] *Id.*, Doc. Nos. 5, 7, 8. Plaintiff has therefore been explicitly notified by the court of the strikes against him numerous times, including twice within the past three months. *See* Civ. No. 11-00098 HG, Doc. No. 4; Civ. No. 11-00353 SOM, Doc. No. 5.

---

[3] Plaintiff finally responded to the order to show cause on July 5, 2011, but fails to rebut the decisions dismissing his earlier cases or otherwise show that he is not subject to § 1915(g)'s bar from proceeding without prepayment of the filing fee. *See id.*, Doc. No. 10.

### 2. *No Allegation of Imminent Danger of Serious Physical Injury*

Because Plaintiff has three strikes, he may not bring a civil action without concurrent payment of the $350.00 filing fee unless he is in *imminent danger of serious physical injury*. 28 U.S.C. § 1915(g). The Complaint and FAC allege conspiracy, fraud, and obstruction of justice; neither alleges facts supporting the existence of an imminent danger of serious physical injury when Plaintiff commenced this action. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

Plaintiff may not proceed in this action without concurrent payment of the $350.00 filing fee. This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g) for Plaintiff's failure to submit a concurrent filing fee. If Plaintiff wishes to reassert his claims in a new case, subject to the limitations discussed below, he must concurrently pay the filing fee.

### B. The Complaint and FAC Fail to State a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. *Judicial Immunity: Judges Mollway, Gillmor, and Lee*

Judges are absolutely immune from liability based on acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (en banc). Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* at 1075 (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quotations omitted)). Judicial immunity is not affected "by the motives with which their judicial acts are performed." *Id*. at 1077-78. The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. *Id*. at 1078. To effectuate this policy, the Ninth Circuit broadly construes the scope of judicial immunity, which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy. *Id.*

Judicial immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996), *superseded by statute on other grounds*. Moreover, in 1996 Congress amended 42 U.S.C. § 1983 to prohibit the grant of injunctive relief against *any* judicial officer, state or federal, acting in their official capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Judicial immunity is not absolute; there is no

immunity if a judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *Ashelman*, 793 F.2d at 1075. An act is judicial in nature if it is a function normally performed by a judge. *Id.; see also In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004) (listing factors to consider).

Judges Mollway and Gillmor were acting within their normal, official judicial capacities and functions when they dismissed Plaintiff's previous federal actions as frivolous, for failure to state a claim, or pursuant to § 1915(g). They clearly had jurisdiction over Plaintiff's actions. The same is true for Plaintiff's allegations against Judge Lee. Although his claims are unclear, Plaintiff appears to challenge Judge Lee's decision to exclude or limit evidence in his state criminal trial. *See* Doc. No. 1 at 5 ("Judge Randal K.O. Lee (who threw out my key evidence in case no. 07-1-1443 from Aug. [2007] - June [2008] at trial)"). Determining the admissibility of evidence at trial is clearly a decision within the core functions of a judge and subject to immunity.

Because Plaintiff challenges core judicial functions performed by Judges Mollway, Gillmor, and Lee, his claims against them are barred by the doctrine of judicial immunity and are DISMISSED.

### 2. *The Clerk of Court*

Plaintiff claims Beitia is involved in the conspiracy that he has alleged against prison officials since 1998, because her name appears on the judgment and ministerial orders and documents in Civ. No. 10-00383 SOM. Compl. Doc. No. 1 at 5 ("USDC clerk Sue Beitia . . . did according to Rules of the Court file Plaintiff[']s Complaint CV10-00383 SOM-BMK . . . by information and belief the AC/O's and others identified [in Count I] did unduly influence . . . [and] impede . . . Beitia to defraud the court's issuances of the case.").

Beitia is entitled to absolute quasi-judicial immunity for acts performed in her official capacity, such as here, where her only involvement with Plaintiff is her signature affixed to the judgment and other ministerial orders entered in Civ. No. 10-00383 SOM. *See Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003) (en banc) (finding that absolute quasi-judicial immunity extends to individuals performing functions necessary to the judicial process); *Moore*, 96 F.3d at 1244 (holding that clerks of court had absolute quasi-judicial immunity from damages for civil rights violations when they performed tasks that were an integral part of the judicial process); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) (holding that clerk of court had absolute quasi-judicial immunity under FTCA

where his acts were integral part of judicial process). Plaintiff's claims against Beitia are DISMISSED.

### 3. *Fujioka Is Not a State Actor*

Plaintiff's claims against Fujioka are unclear. Apparently, Fujioka was Plaintiff's criminal defense attorney and Plaintiff alleges a conspiracy stemming from this representation. Plaintiff made these claims in his earlier cases. Whether Fujioka was paid for his representation or was court-appointed, he was not acting under color of state law and cannot be sued under § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-25 (1981); *Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977) (neither appointed nor retained defense attorneys act under color of state law). Plaintiff fails to state a claim against Fujioka and he is DISMISSED.

### IV. CONCLUSION

1. Plaintiff's claims are DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) & 1915(e)(2). Amendment is futile and they are dismissed without leave to amend.

2. Plaintiff's Complaint, First Amended Complaint, and this action are also DISMISSED pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a new case accompanied by the full $350.00 filing fee. If Plaintiff reasserts the claims dismissed in this action in a new

12

complaint, however, even if accompanied by the filing fee, those claims will be dismissed for failure to state a claim as discussed above.

3. In light of Plaintiff's litigation history and his failure to concurrently submit the filing fee, Plaintiff shall not be allowed to file anything further in this action other than the filing of a new complaint accompanied by the full $350.00 filing fee or a notice of appeal.

4. The Clerk of Court is DIRECTED to docket any further pleadings, motions, documents, exhibits, etc. submitted by Plaintiff in this action, other than a notice of appeal, as "requests" or "correspondence." Because Plaintiff has not paid for commencing this suit and is not entitled to proceed *in forma pauperis*, the court will take no action on such requests.

The Clerk of Court is further DIRECTED to promptly process any notice of appeal, and to note on the docket that this action was dismissed pursuant to 28 U.S.C. §§ 1915(e), 1915A(b), and 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 19, 2011



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Tia v. Mollway et al.,* Civ. No. 11-00421 JMS/KSC; Order Dismissing Action Pursuant to 28 U.S.C. §§ 1915(g), 1915(A)(b) & 1915 (e)(2); psas/3 Strikes Ords /DMP/2011/Tia 11-421 JMS (dsm sua sponte)